UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENICA B. DREHMER

                      Plaintiff,

                                                Civil Action No.
                                                20-CV-06143-CJS

   v.

NEW YORK STATE, STATE UNIVERSITY OF NEW
YORK, CORNING COMMUNITY COLLEGE,

                      Defendant.

---

# MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S PRE-ANSWER MOTION TO DISMISS THE AMENDED COMPLAINT

Michael A. Donlon, Esq.
WELCH, DONLON & CZARPLES PLLC
*Attorneys for Plaintiff*
8 Denison Parkway East, Ste 203
Corning, New York 14830
Telephone: 607-936-8057
Fax: 607-936-6815
Email: michael@wdcinjurylaw.com

i

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT..................................................................................1

FACTS.........................................................................................................................2

ARGUMENT...............................................................................................................5

    I.    DEFENDANT WAIVED SOVEREIGN IMMUNITY..........................5

    II.   PLAINTIFF SUFFICIENTLY STATES A CLAIM FOR
          RELIGIOUS DISCRIMINATION........................................................5

    III.  PLAINTIFF SUFFICIENTLY STATES A CLAIM FOR
          HARRASSMENT...................................................................................7

CONCLUSION............................................................................................................8

TABLE OF AUTHORITIES

Cases                                                                                                                  Page

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009)……………………………………………...5

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)………………………………………………..6

Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)………………………………………..5

Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir.1999)………………………………………5

California v. Deep Sea Research, Inc., 523 U.S. 491, 502 (1998)…………………………...5

Chick v. Cty. of Suffolk, 546 F. App'x 58, 59 (2d Cir. 2013)……………………………….7

Johnson v. Delphi Energy, 12 F.Supp.2d 281 (W.D.N.Y.1998)……………………………..6

Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir.1997)……………………………….7

Stratton v. Department for the Aging for the City of New York, 132 F.3d 869 (2d Cir.1997)…...6

Wilson v. Hanrahan, No. 18-3519, 2020 U.S. App. LEXIS 8321 at 4
(2nd Cir. March 17, 2020)……………………………………………………………...8

## PRELIMINARY STATEMENT

On September 14, 2018, Plaintiff, Jenica Drehmer, complained to her employer of religious discrimination by a student in her classroom. Unsatisfied with her employer's response, Plaintiff contacted counsel to assist her in the matter. Said Attorney contacted Defendant/Employer's Director of Human Resources who refused to meet with Plaintiff and counsel. Within two hours of said contact by Plaintiff's counsel Plaintiff was relieved of all on campus duties scheduled for the Spring 2019 semester. Plaintiff was assigned a single online course for the Spring semester instead.

On March 25, 2019 Plaintiff dual filed a complaint with the EEOC and New York State Division of Human Rights. Therein Plaintiff charged Defendant with unlawful discriminatory practice relating to employment because of creed, opposition to discrimination and retaliation. Consequently, on June 6, 2019 Defendant terminated Plaintiff's employment after ten (10) years of exceptional performance reviews. The investigation by the New York State Division of Human Rights found "***PROBABLE CAUSE** exists to believe [Defendant] has engaged in or is engaging in the unlawful discriminatory practice complained of*" (See Defendant's Exhibit 1, ex. D annexed thereto).

Defendant now moves, pre-answer, to dismiss a portion of the Amended Complaint[1] pursuant to FRCP 12(b)(1),(6). Plaintiff respectfully submits the motion should be denied in its entirety.

---

[1] Defendant's motion to dismiss Plaintiff's 3rd claim for retaliation is limited "to the extent she is alleging a claim for retaliatory hostile work environment" (See Def. Notice of Claim, July 10, 2020). The remainder of the allegation of retaliation is not under scrutiny.

## FACTS

The following facts are uncontested:

(1) Plaintiff is Jewish.

(2) In early September 2018 Educational Planner and Defendant Employee, Carol Carter, added "Student" to Plaintiff's FYEX class roster.

(3) Shortly thereafter Plaintiff issued an assignment asking students to write an essay discussing stereotypes. As part of the discussion, Plaintiff disclosed her ethnoreligious Jewish identity.

(4) On September 13, 2018 "Student" submitted the subject anti-Semitic screed/essay. The essay struck fear in Plaintiff. The essay is submitted in support of Defendant's motion at Defendant's Exhibit 1, ex. B annexed thereto.

(5) On September 14, 2018, Plaintiff alerted her employer (Defendant Corning Community College, hereafter "CCC") to the contents of the essay and her concerns. Plaintiff asked her employer to remove "Student" from her class based on sincere feelings of fear.

(6) Employer refused to remove student.

(7) Plaintiff requested resources to file a formal Code of Conduct complaint. Employer/Defendant did not provide access to said resources despite several requests from Plaintiff.

(8) On September 20, 2018 Plaintiff received an email from Educational Planner, Carol Carter. The contents of the email appear within Defendant's

2

application at Exhibit 1, paragraph 28. In sum, in response to Plaintiff making a complaint of religious discrimination in her classroom Carol Carter called Plaintiff a racist. Ms. Carter further advised she would stand up for "Student" and against Plaintiff. The message was published to Defendant's HR director, Connie Park, as well as to Plaintiff's direct supervisor, Deb Borden and others. The HR Director did nothing to stop the harassment; however, she instructed Carol Carter to stop documenting it, i.e. take it offline (See Defendant's Exhibit 1, ex. D annexed thereto).

(9) Plaintiff continued to encounter "Student". On September 26, 2018, "Student" cornered Plaintiff and demanded, in a threatening tone, she return the essay to him. Proof of this encounter is submitted in support of Defendant's application (See Declaration of Byron Shaw, Exhibit 1). Plaintiff complained of this encounter. Defendant denied there was any problem.

(10) On September 27, 2018, counsel for Plaintiff reached out to Connie Park to "arrange a friendly meeting between [Ms. Park] and Ms. Drehmer" for the purpose of "navigating whatever process or procedures are available to address [Plaintiff's] concerns" (See Defendant's Exhibit 1, ex. C annexed thereto). Connie Park refused the invitation.

(11) On September 28, 2018, counsel for Plaintiff emailed Connie Park and enclosed a letter in lieu of what would have been communicated had the College permitted the requested meeting (Id.). Counsel forwarded a copy of the letter via email to Katherine Douglas, Defendant's Provost at the time. Counsel explained "Ms. Drehmer was deeply troubled by this to the point where it

3

became impossible for her to effectively instruct her class with the author of this poisonous hatred starring back at her". Counsel further explained "Ms. Drehmer's distress was belittled and scorned by her colleagues and administrators". Counsel explained Ms. Drehmer was concerned for her personal safety. Counsel asked that Defendant put in place measures to ensure "Student" does not communicate with Ms. Drehmer in any fashion.

(12) Within two (2) hours of sending the aforesaid letter Plaintiff was stripped of the two classes she had been scheduled to teach in the upcoming Spring 2019 semester.

(13) "Student" stopped coming to Plaintiff's class on his own; however, as the aforementioned video shows, Plaintiff continued to encounter "Student" on campus until "Student" dropped out of school following Thanksgiving Break.

(14) Defendant did not restore Plaintiff to the Spring semester roster. Plaintiff was assigned an online course.

(15) On March 25, 2019, Plaintiff filed a formal complaint with the EEOC/NYSDHR. Plaintiff was terminated on June 6, 2019 with no explanation.

(16) Plaintiff had worked for Defendant for ten (10) years with consistently excellent performance reviews.

Defendant attacked, ridiculed, belittled, and shamed Plaintiff for making a complaint of religious discrimination in her classroom. Plaintiff was stripped of her normal work duties and eventually terminated for pursuing her complaint after Defendant failed to take her complaint seriously.

4

## ARGUMENT

It is well settled, on Motion to Dismiss, "the Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party". Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir.1999). A pleader must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (holding that the pleading standard expounded in Twombly applies to all civil actions).

### I.  DEFENDANT WAIVED SOVEREIGN IMMUNITY.

Defendant correctly sets forth, absent consent, the Eleventh Amendment to the United States Constitution bars suits in federal court by private parties against a State, one of its agencies or departments or a state official acting in his or her official capacity. See California v. Deep Sea Research, Inc., 523 U.S. 491, 502 (1998). However, Defendant has ignored its own Board Policy and Administrative Procedures wherein Defendant explicitly waived immunity with respect to claims based in "New York State Human Rights Law" (See Defendant's Exhibit 1, ex. E annexed thereto). Thus, per Defendant's own submission the record demonstrates consent to the Fourth and Fifth Claims.

In light of the foregoing, Plaintiff respectfully submits Defendant's motion to dismiss the Fourth and Fifth Claims should be denied.

### II.  PLAINTIFF SUFFICIENTLY STATES A CLAIM FOR RELIGIOUS DISCRIMINATION.

To establish a prima facie case of unlawful discrimination, plaintiff must show that (1) she is a member of a protected class (2) who performed her duties satisfactorily (or was

5

qualified for a new position), (3) who was discharged (or not offered the new position) (4) under circumstances giving rise to an inference of discrimination (or retaliation). Stratton v. Department for the Aging for the City of New York, 132 F.3d 869 (2d Cir.1997); Johnson v. Delphi Energy, 12 F.Supp.2d 281 (W.D.N.Y.1998). To survive a motion to dismiss, the complaint must plead enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, Plaintiff met this burden on the face of the Amended Complaint. Therein, Plaintiff set forth, and it remains uncontested that (1) Plaintiff is a member of a protected class (Jewish)(Defendant's Exhibit 1, p. 4), (2) that she "consistently received excellent performance appraisals" (Id.), (3) that her workload was reduced after her first complaint of religious discrimination and she was discharged after filing with the Division of Human Rights/EEOC (Id. p. 11), and (4) that the adverse events commenced shortly after Plaintiff complained of religious discrimination in her classroom, demanded accommodation for same, and filed a formal complaint with the New York State Division of Human Rights/EEOC (Id. pp. 12, 15, 17).

In light of the foregoing, Plaintiff has sufficiently pleaded her First, Second and Third claims for disparate treatment, hostile work environment, and retaliation. Defendant's Motion to Dismiss the first three claims should be denied as a matter of law.

6

### III. PLAINTIFF SUFFICIENTLY STATES A CLAIM FOR HARASSMENT.

Defendants argue "Plaintiff's allegations are not sufficiently severe or pervasive to state a hostile work environment claim" (McClung Memorandum, p. 7). Defendant's own submission contradicts this position.

Claims based on a hostile work environment require the plaintiff to plead facts that demonstrate "(1) that [her] workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [her] work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir.1997) (alterations in original; internal quotation marks omitted); Chick v. Cty. of Suffolk, 546 F. App'x 58, 59 (2d Cir. 2013).

Per Defendant's Exhibit 1, a reasonable person could view the work environment as hostile or abusive based on (1) the contents of the subject essay, (2) Defendant's refusal to remove "Student" from Plaintiff's roster, (3) Defendant subjecting Plaintiff to repeated fearful encounters with "Student" from September 13, 2018 through approximately November 20, 2018, including the videotaped encounter annexed to the declaration of Byron Shaw at Exhibit 1, (4) Plaintiff requesting assistance of Campus Safety and Defendant failing to provide said same, (5) Defendant Educational Planner, Carol Carter, accusing Plaintiff of being racist for raising concerns of religious discrimination in the first place, (6) publicly shaming Plaintiff for raising concerns of religious discrimination, (7) refusing to meet with Plaintiff and her attorney to discuss Plaintiff's fear and appropriate accommodation, (8) failing to furnish a Code of Conduct report depriving Plaintiff due process under the schools own policies and procedures for reporting discriminatory student conduct, (9) condoning the public shaming of Plaintiff and

7

instructing those involved to cease documenting ongoing ridicule and shaming of Plaintiff (cover up), (10) removing Plaintiff from campus for the Spring 2019 semester, and (11) terminating Plaintiff after she filed a complaint with the New York State Division of Human Rights/EEOC.

The aforesaid events took place over the course of eight (8) months as part of a collective response by Plaintiff's employer to a complaint of religious discrimination. These are not "isolated discrete acts" permitting summary dismissal. These acts can be imputed upon Plaintiff's employer because Plaintiff's employer actively participated and or "failed to provide a reasonable avenue for complaint" and or knew about the treatment and "failed to take appropriate remedial action". Wilson v. Hanrahan, No. 18-3519, 2020 U.S. App. LEXIS 8321 at 4 (2nd Cir. March 17, 2020). It remains uncontroverted that Defendant refused to meet with Plaintiff and counsel to discuss her concerns and that Defendant failed to provide the requested Student Code of Conduct form so that Plaintiff could file formal complaint against the offending "Student". Interestingly, Defendant argues it took care of the problem by issuing a "no contact" order. The order was against Plaintiff, i.e., Plaintiff was ordered to have no contact with "Student". That Defendant ordered Plaintiff to have no contact with "Student" is further evidence of the perverse conditions Plaintiff was forced to endure for complaining about religious discrimination in the workplace.

## CONCLUSION

Plaintiff respectfully submits Defendant's Motion to Dismiss should be denied in its entirety. Accepted as true, and viewed in the light most favorable to Plaintiff, the allegations in the Amended Complaint sufficiently state claims for disparate treatment, hostile work environment, and retaliation. Likewise, Plaintiff submits the Court should deny Defendant's

Motion to Dismiss claims based in New York Human Rights Law because, per Defendant's own "Board Policy and Administrative Procedures", Defendant explicitly consented to same.

Dated: July 22, 2020

Respectfully submitted,

Michael A. Donlon, Esq.
WELCH, DONLON & CZARPLES PLLC
*Attorneys for Plaintiff*
8 Denison Parkway East, Ste 203
Corning, New York 14830
Telephone: 607-936-8057
Fax: 607-936-6815
Email: michael@wdcinjurylaw.com

WELCH, DONLON & CZARPLES PLLC    CORNING, NY